IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFREY RHEA**                                                                             **PLAINTIFF**

**v.**                                                                   **No. 3:25-cv-039-MPM-RP**

**RICHARD MCNATT d/b/a**
**RAM TRUCKING**                                                     **DEFENDANT**

## ORDER

This matter comes before the Court on Plaintiff Jeffrey Rhea's ("Mr. Rhea") Motion for Remand [6]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

On February 3, 2025, Defendant Richard McNatt ("Mr. McNatt") removed this case from Marshall County Circuit Court. Mr. Rhea now moves to remand on the stated basis of failure to attach the state court record to the notice of removal. Mr. Rhea argues that although Mr. McNatt filed a copy of the state court record on February 25 (three days before this motion was filed), that filing was too late, and now remand would best serve the interests of judicial efficiency. There are three problems with this argument.

First, Mr. Rhea's argument is factually incorrect. Mr. McNatt *did* attach the full state court record to his notice of removal. The first attachment of the first docket entry in this case (labeled, "Exhibit A - State Court Record") is the full state court record. Mr. McNatt even points this out in his response brief. While the state court record was filed again on February 25, this was done to comply with the local rule which requires the record be filed separately.

Next, Mr. Rhea's argument is legally tenuous. Even if the state court record had first been filed twenty-two days after removal, the only case cited by Mr. Rhea which supports remand in

such situations is a district court case from another circuit. *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004). The law of this Circuit requires the opposite. *See Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958); *Carr v. Cap. One, N.A.*, 460 Fed. App'x 461, 468 (5th Cir. 2012) ("Defects in removal procedure are not normally grounds for remand and may be cured."); *Phillips v. First Tower Loan, Inc.*, 2012 WL 5873360, at *3 (S.D. Miss. Nov. 20, 2012) ("The majority of courts, including the United States Court of Appeals for the Fifth Circuit, take the view that the failure to include all state court documents with a notice of removal is a procedural defect that may be cured by the removing party.")

Finally, Mr. Rhea's argument is logically flawed. Even if Mr. McNatt would have filed late, and even if caselaw would have supported remand, the argument that judicial efficiency is best served by an extra round of briefing is risible. The heart of this argument—that "[w]ithout the missing documents, this Court lacks essential materials"—is undercut by Mr. Rhea's concession that the "missing documents" are already on file with the Court.

At the conclusion of his motion, Mr. Rhea requests that this Court award him costs and attorneys' fees. It is in the best interests of Mr. Rhea that the subject of attorneys' fees be left alone.

CONCLUSION

**ACCORDINGLY**, Plaintiff Jeffrey Rhea's Motion for Remand [6] is **DENIED**.

**SO ORDERED** this the 13th day of May, 2025.

/s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**