UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEFFREY RHEA                                                                                          PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:25-CV-39-MPM-RP

RICHARD MCNATT d/b/a RAM TRUCKING                                              DEFENDANT

**ORDER**

This matter is before the court on Federated Rural Electric Insurance Exchange's Motion for Leave to Intervene. ECF 46. The plaintiff opposes the motion. The court finds that the motion is well taken and should be granted.

The plaintiff Jeffrey Rhea brought this action seeking the recovery of damages against the defendant Richard McNatt d/b/a Ram Trucking for an injury the plaintiff sustained after stepping in a hole in the floor of a trailer owned and controlled by the defendant. The plaintiff's injury occurred in the course and scope of his employment with Northcentral Electric Company, whose workers compensation carrier, Federated Rural Electric Insurance Exchange, provided benefits to the plaintiff under the policy. Federated now seeks leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) in order to obtain reimbursement of said benefits from the net proceeds of any recovery in this action. The plaintiff opposes Federated's motion, arguing that the conditions for intervention under Rule 24(a) are not present.

Unless the party seeking intervention as of right has been given an unconditional right to do so by federal statute – which is not the case here – there are four requirements set out by Rule 24(a)(2) that must be met:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the

applicant's interest must be inadequately represented by the existing parties to the suit.

*Gen. Land Off. v. Trump*, No. 24-40447, 2025 WL 1410414, at *3 (5th Cir. May 15, 2025) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). This rule "is to be liberally construed, with doubts resolved in favor of the proposed intervenor." *Id*. (quoting *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016).

In the present case, the plaintiff concedes that the first two requirements are met but argues that the third and fourth requirements are not. The court disagrees.

As to the third requirement -- that the proposed intervenor be so situated that a disposition of the action may, as a practical matter, impair or impede his ability to protect that interest -- this court has previously recognized that under Mississippi law, "if an employer or insurer does not join or intervene in an employee's third-party action, its subrogation claim is waived." *Warren v. L & S Sales*, No. 4:19-CV-94-DMB-JMV, 2020 WL 1908006, at *2 (N.D. Miss. April 17, 2020) (granting workers' compensation carrier's motion for leave to intervene) (quoting *Liberty Mut. Ins. Co. v. Shoemake*, 111 So. 3d 1207, 1215 (Miss. 2013)). Indeed, *Shoemake* "emphasize[s] that an employer or insurer cannot simply sit out a third-party action by the employee and later, after judgment has been entered and all funds dispersed, sue to enforce its statutory subrogation claim." *Shoemake*, 111 So. 3d at 1214. Therefore, the court finds that, as a practical matter, Federated's interest would be impaired if it is not allowed to intervene.

Finally, as to whether Federated's interest is inadequately represented by the existing parties, the plaintiff argues that Federated's interest is adequately represented by him. Again, the court disagrees. While it is true that both Federated and the plaintiff share an interest in the plaintiff obtaining a recovery from the defendant in this case, Federated has the additional, ultimate interest of obtaining from any such recovery reimbursement of benefits that Federated

provided to the plaintiff.  This is a cognizable interest that the plaintiff does not share.  *See McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970) (finding insurer's proposed intervention to protect its subrogation interest in a plaintiff's recovery "was cognizable as intervention of right under Rule 24(a)(2).").

For these reasons, Federated Rural Electric Insurance Exchange's Motion for Leave to Intervene [ECF #46] is GRANTED.  Federated must file its complaint in intervention within seven days after the entry of this order.

**SO ORDERED**, this the 27th day of February, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE